IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr328-MHT |
| | ) | (WO) |
| JONATHAN DALE KNOTT | ) | |

ORDER

This cause is before the court on defendant Jonathan Dale Knott's unopposed motion to continue his consent-plea hearing. Based on the representations made on the record on August 18, 2021, and for the reasons set forth below, the court finds that Knott's plea hearing, previously set for August 12, 2021, should be continued until November 18, 2021, with additional continuances available if needed, pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an

>       information or indictment with the commission
>       of an offense shall commence within seventy days
>       from the filing date (and making public) of the
>       information or indictment, or from the date the
>       defendant has appeared before a judicial
>       officer of the court in which such charge is
>       pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective

2

preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that a notification of intent to enter a guilty plea is a pretrial motion that requires a hearing, and that therefore any time elapsed between the filing of a change-of-plea notice and the hearing thereon falls within the exclusion provision codified at § 3161(h)(1)(D).  *See United States v. Santiago-Becerril*, 130 F.3d 11, 20 (1st Cir. 1997); *United States v. Mensah-Yawson*, 489 Fed. Appx. 606, 609–610 (3d Cir. 2012); *United States v. Dignam*, 716 F.3d 915, 924–26 (5th Cir. 2013); *United States v. Jenkins*, 92 F.3d 430, 440 (6th Cir. 1996); *United States v. Mallett*, 751 F.3d 907, 912–13 (8th Cir. 2014); *United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010); *United States v. Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013).  *See also Henderson v. United States*, 476 U.S. 321, 329–330 (1986) (holding that § 3161(h)(1)(D)'s "prompt disposition"

requirement does not apply to motions requiring a hearing).

Additionally, the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Knott in a speedy consent-plea hearing.  Additional time is necessary for Knott to prepare effectively for his consent plea hearing and eventual sentencing by retaining an expert witness who can evaluate the effect of his Autism Spectrum Disorder on his propensity to commit the offense with which he has been charged, and the extent to which he would pose a danger to the community if not incarcerated pending his sentencing.  Additional time will also enable him to find housing that does not violate the residency requirements of Alabama's Sex Offender Registration Notification Act, Ala. Code § 15-20A-11, so that the court may order home confinement pending sentencing or upon sentencing, should it find such a condition warranted.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Dale Knott's motion to continue his consent-plea hearing (Doc. 9) is granted.

(2) The consent-plea hearing, previously set for August 12, 2021, is continued until November 18, 2021, at 8:00 a.m. in Courtroom 2FMJ at the United States Courthouse Complex, One Church Street, Montgomery, Alabama.[1] All prior requirements set forth in the August 10, 2021, order (Doc. 7) remain applicable.

(3) Telephonic status conferences are set for September 17, 2021, at 8:00 a.m., and October 18, 2021, at 8:00 a.m. The courtroom deputy shall arrange for the conference calls.

---

1. In his unopposed motion to continue his consent hearing (Doc. 9), defendant Knott requested a continuance of 30 days. Based on the representations made on the record on August 18, 2021, defendant Knott agrees that more time is necessary.

(4) Two business days prior to each status conference, defense counsel shall file a status report with the court discussing any progress made towards retaining an expert witness who can evaluate the effect of defendant Knott's Autism Spectrum Disorder on his propensity to commit the offense with which he has been charged,[2]

---

2. Defense counsel and the government may also wish to consult the following sources, which are on file with the court and may be made available upon request:

Attwood, T., Hénault, I., & Dubin, N. (2014). The Autism Spectrum, Sexuality and the Law: What every parent and professional needs to know. London, UK: Jessica Kingsley Publishers.

Allely, C., & Creaby-Attwood, A. (2016). Sexual Offending and Autism Spectrum Disorders. *Journal of Intellectual Disabilities and Offending Behaviour, 7*(1), 35-51.

Allely, C., & Dubin, L. (2018). The Contributory Role of Autism Symptomology in Child Pornography Offending: Why There is an Urgent Need for Empirical Research in this Area. *Journal of Intellectual Disabilities and Offending Behaviour, 9*(4), 129-152.

Creaby-Attwood, A., & Allely, C. (2017). A Psycho-legal Perspective on Sexual Offending in Individuals with

Autism Spectrum Disorder. *International Journal of Law and Psychiatry*, 55, 72-80.

Dubin, L.A., & Horowitz, E. (2017). Caught in the Web of the Criminal Justice System: Autism, Developmental Disabilities, and Sex Offenses. London, UK: Jessica Kingsley Publishers.

Hingsburger, D., Griffiths, D., & Quinsey, V. (1991). Detecting Counterfeit Deviance: Differentiating Sexual Deviance from Sexual Inappropriateness. *The Habilitative Mental Healthcare Newsletter,* 10(9), 51-54.

Mogavero, M.C. (2016), Autism, Sexual Offending, and the Criminal Justice System, *Journal of Intellectual Disabilities and Offending Behaviour*, Vol. 7 No. 3, pp. 116-126.

Steel, C. (2016). The Asperger's Defence in Digital Child Pornography Investigations. *Psychiatry, Psychology and Law,* 23(3), 473-482.

Woodbury-Smith, M.R., Clare, I.C.H., Holland, A.J., Kearns, A., Staufenberg, E. and Watson, P. (2005), A Case-control Study of Offenders with High Functioning Autistic Spectrum Disorders, *The Journal of Forensic Psychiatry & Psychology*, Vol. 16 No. 4, pp. 747-63.

and the extent to which he would pose a danger to the community if not incarcerated pending his sentencing; and any progress made towards securing alternative housing for defendant Knott.

(5) Should more time be necessary to retain an expert witness and/or secure alternative housing, defense counsel may file a motion to further continue the consent-plea hearing.

DONE, this the 19th day of August, 2021.

                                /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**