IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr328-MHT** |
| | ) | **(WO)** |
| **JONATHAN DALE KNOTT** | ) | |

## ORDER

Based on the representations made on the record on October 18, 2021, and for the reasons set forth below, the court finds that defendant Jonathan Dale Knott's consent-plea hearing, previously set for November 18, 2021, should, at Knott's oral request, be continued until January 7, 2022, pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>  public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into

2

account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that a notification of intent to enter a guilty plea is a pretrial motion that requires a hearing, and that therefore any time elapsed between the filing of a change-of-plea notice and the hearing thereon falls within the exclusion provision codified at § 3161(h)(1)(D).  *See United States v. Santiago-Becerril*, 130 F.3d 11, 20 (1st Cir. 1997); *United States v. Mensah-Yawson*, 489 Fed. Appx. 606, 609-610 (3d Cir. 2012); *United States v. Dignam*, 716 F.3d 915, 924-26 (5th Cir. 2013); *United States v. Jenkins*, 92 F.3d 430, 440 (6th Cir. 1996); *United States v. Mallett*, 751 F.3d 907, 912-13 (8th Cir. 2014); *United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010); *United States v. Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013).  *See also Henderson v. United States*, 476 U.S. 321, 329-330 (1986) (holding that § 3161(h)(1)(D)'s "prompt disposition" requirement

does not apply to pretrial motions requiring a hearing).

Additionally, the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Knott in a speedy consent-plea hearing.  A continuance will enable Knott to find housing that does not violate the residency requirements of Alabama's Sex Offender Registration Notification Act, Ala. Code § 15-20A-11, so that the court may order home confinement pending sentencing or upon sentencing, should it find such a condition warranted.  Also, the government does not oppose the continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Dale Knott's consent-plea hearing, previously set for November 18, 2021, is, at his oral request, continued until January 7, 2022, at 8:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson

4

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. All prior requirements set forth in the August 10, 2021, order (Doc. 7) remain applicable.

(2) Defendant Knott shall file his sentencing brief and any expert reports by January 4, 2022, at 5:00 p.m. His sentencing brief shall address the standard governing the court's discretion to detain him upon accepting a plea of guilty, and how that standard should be applied here.

DONE, this the 18th day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE