IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr328-MHT** |
| | ) | **(WO)** |
| **JONATHAN DALE KNOTT** | ) | |

**ORDER**

This cause is before the court on defendant Jonathan Dale Knott's unopposed motion to continue his consent-plea hearing. Based on the representations made on the record on March 11, 2022, and for the reasons set forth below, the court finds that Knott's plea hearing, previously set for March 22, 2022, should be continued generally.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  § 3161(h)(1)(A).  The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

Here, defense counsel represents that additional time is needed so that expert witness Dr. Robert Babcock, PhD, of Opelika, Alabama can complete an examination and report concerning Knott's mental capacity, and so that the parties can decide how best to proceed in light of the findings of that report. Defense counsel has received preliminary findings that have raised a concern as to whether the case can continue to the currently scheduled consent-plea hearing and sentencing. Accordingly, the court concludes that a continuance is warranted under 18 U.S.C. § 3161(h)(1)(A) so that the examination and report may be completed, and, additionally, that the ends of justice served by granting a continuance outweigh the interest of the public and Knott in a speedy consent-plea hearing because the attorneys need more time to review the report and decide on the best course of action, *see* § 3161(h)(7)(B)(iv).

***

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Dale Knott's motion to continue his consent-plea hearing (Doc. 44) is granted.

(2) The consent-plea hearing, previously set for March 22, 2022, is continued generally, all deadlines previously imposed by the court are suspended, and the conference call previously set for March 17, 2022, is cancelled.

(3) Defense counsel shall file Dr. Babcock's mental-health report, under seal, by March 25, 2022.

(4) A status conference to discuss how to proceed is set for April 5, 2022, at 8:00 a.m., by telephone. The courtroom deputy shall make the necessary arrangements.

DONE, this the 14th day of March, 2022.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE