IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )      2:21cr328-MHT
                            )          (WO)
JONATHAN DALE KNOTT         )
```

ORDER

Based on the representations made on the record on April 19, 2022, is ORDERED as follows:

(1) Defense counsel shall file Dr. Kale Kirkland's report regarding defendant Jonathan Dale Knott's competency under seal by May 3, 2022.

(2) An in-person hearing is set for June 8, 2022, at 9:00 a.m. in Courtroom 2FMJ at the United States Courthouse Complex, One Church Street, Montgomery, Alabama. The hearing, which defendant Knott shall attend, and at which Dr. Kirkland and Dr. Robert Babcock shall be available to testify, will address three topics. The first will be defendant Knott's competency to stand trial. Second, if defendant Knott is found competent, the court will consider his consent

plea.  Third, if it accepts his consent plea, the court will proceed to sentencing.

(3) Defense counsel shall file a sentencing brief on or before May 18, 2022, and the government shall file a sentencing brief in response on or before June 1, 2022.

(4) Each party's sentencing brief shall address the four factors articulated in the court's opinion in *United States v. Klear*, 3 F. Supp. 3d 1298 (M.D. Ala. 2014) (Thompson, J.), as modified by *United States v. Westbrook*, 2015 WL 470841 at *2 n.2 (M.D. Ala. 2015) (Thompson, J.), and *United States v. Piggott*, 2015 WL 1894319 at *3 n.3 (M.D. Ala. 2015) (Thompson, J.). Those factors, as applied to defendant Knott, are: (a) the nature of defendant Knott's child-pornography collection and collecting behavior; (b) his contact with other child-pornography collectors; (c) his previous criminal sexually dangerous behavior; and (d) whether there should be an adjustment because he has high scores on multiple factors.  These factors should

be addressed as they are fully fleshed out in *Klear* and its progeny.  In doing so, the parties should consider, but are not limited to, the following questions:

(i) Is there evidence that defendant Knott sought to download child pornography specifically, or does the evidence indicate that defendant Knott sought to download files containing pornography generally, some of which consisted of child pornography?  Did a substantial portion of defendant Knott's pornography collection consist of child pornography, and did a substantial portion of the child pornography in his collection consist of images of prepubescent children, such as to indicate that he obtained child pornography intentionally?

(ii) Did a substantial portion of the child pornography in defendant Knott's collection consist of violent or sado-masochistic images of children, such as to indicate that they were obtained intentionally?

(iii)  How was the pornography organized on defendant Knott's laptop and hard drives? Did he

separate the child pornography from other pornography? Was there other data or media on the hard drives? That is, were there specific backups of his child pornography alone, or, alternatively, were there backups of his entire computer, which happened to contain child pornography?

(iv) If there is evidence that defendant Knott was engaged in seeking child pornography, for how long did he do so?

(v) Does the government have evidence that defendant Knott consciously or affirmatively chose to distribute the child pornography over the BitTorrent network, rather than having it be incidentally available while he was downloading pornography?

(5) In addition, the parties' sentencing briefs shall address the following topics: (a) any other applicable grounds for a variance or departure; (b) what defendant Knott's sentence should be; and (c) whether defendant Knott may self-surrender to the

Bureau of Prisons if he is sentenced to a term of imprisonment or he must be detained immediately.

DONE, this the 20th day of April, 2022.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**