IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:21cr328-MHT
                            )          (WO)
JONATHAN DALE KNOTT         )
```

ORDER

On July 12, 2021, defendant Jonathan Dale Knott was
charged in a felony information with one count of
possession of child pornography, in violation of 18
U.S.C. § 2252A(a)(5)(B).  The question before the court
is whether he has the mental capacity to stand trial,
that is, whether he is currently suffering from a
mental disease or defect rendering him mentally
incompetent to the extent that he is unable to
understand the nature and consequences of the
proceedings against him or to assist properly in his
defense.  *See* 18 U.S.C. § 4241(a).  Based on the April
2022 psychological evaluation of defendant Knott by
Dr. Kale Kirkland (Doc. 56), the court finds that he
has the mental capacity to stand trial.

Knott has been diagnosed with the "autism spectrum disorder without accompanying intellectual or language impairment," a form of the disorder also known as Asperger's Syndrome. In order to evaluate the effect of Knott's autism spectrum disorder on his propensity to commit the offense with which he has been charged, and the extent to which he would pose a danger to the community if not incarcerated pending his sentencing, defense counsel commissioned evaluations by Dr. Robert Babcock and Dr. Kirkland, both of whom specialize in autism spectrum disorder. Dr. Babcock's report revealed that Knott's symptoms are quite severe. Knott scored in the third percentile (that is, in the bottom three percent of all test-takers) on a test designed to measure "the things that people do to function in their everyday lives." Psychological Report (Doc. 49) at 8. Specifically, in the areas of "receptive communication" and "interpersonal relationships," he functions at about the level of three-year-old; in the area of "coping skills," he functions at about the level of a

four-year-old; and in the area of "expressive communication," he functions at about the level of a five-year-old. *See id.* at 8-9.

In light of these findings, the court was concerned that Knott might not be competent to stand trial, and ordered an evaluation of his competency. *See* April 20, 2022 Order (Doc. 54) at 1. Dr. Kirkland performed the evaluation, which consisted of a review of reports by Dr. Babcock and Knott's treating psychologist, Dr. Glen Vollenweider; an interview with Knott; and an examination designed to measure Knott's knowledge of the courtroom and trial process, and to assess for the presence of symptoms associated with a thought disorder within that context. *See* Competency Evaluation (Doc. 56) at 1-4.

Dr. Kirkland concluded that Knott is competent to stand trial. *See id.* at 4. Specifically, he found that Knott "provided accurate and correct answers to all questions" concerning the legal proceedings against him; that he "was able to provide a full description of

3

the alleged offense"; that he "was able to state the charge against him, to provide the timeframe of his arrest, and the timeframe of hiring his attorney"; and that he "reported that the 'federal government' is prosecuting the case," that his attorney's role is "'to the best of his ability, represent [him] in court,' and to potentially 'mitigate sentencing,'" that "'the judge' is in charge of the courtroom, is a 'moderator between the two sides,' and makes sentencing decisions," and that it is "the role of the jury[,] as 'they hear the evidence, testimony from both sides, [to] sort our the truth, whether innocent or guilty.'" *Id.* Additionally, Dr. Kirkland found that Knott "understands the concept of a plea deal"; that "his thought processes and content related to discussing his case were coherent, rational, and logical"; and that he was "calm and cooperative." *Id.*

None of this is to detract from Dr. Babcock's findings that Knott's ability to communicate and socialize is severely limited. Indeed, as Dr.

**4**

Babcock's report explains, it is not uncommon for individuals with an autism spectrum disorder to be highly intelligent in certain regards while, at the same time, be socially disabled.

In this case, the court found, on the basis of Dr. Kirkland's report, that Knott was unable to understand the nature and consequences of the proceedings against him, and that his deficits in communication, socializing, and coping were not so severe as to render him unable to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

                                ***

Accordingly, it is ORDERED and DECLARED that defendant Jonathan Dale Knott is mentally competent to stand trial on the felony information (Doc. 1) against him.

DONE, this the 9th day of June, 2022.

                              /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE